IN CIRCUIT COURT OF MISSOURI
ST. LOUIS COUNTY

De D. Carter ) Case No. 18SL-CC02966

aka ) To be assigned by clerk of District Court

Darnetta Carter ) JURY TRIAL REQUESTED

Plantiff )

v. )

Centene Corporation )

~~Susan Nay~~ XS. )

Serve:

Defendant

PETITION- Human Rights Act RSMO 213.055

**FILED**

AUG 1 0 2018

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

COMES NOW Plantiff, De D. Carter aka Darnetta Carter of record and for her cause of action against the Defendant(s), Andrea Rancatore, Susan Nay, Centene Corporation (Home State Health), states as follows: This employment discrimination lawsuit is based on Plantiff- Ms. D. Carter, an employee of Centene Corporation has been discriminated based on race, age, color, and perceived disability, and retaliation. Ms. D. Carter has been subjected to a pervasive pattern of harassment, intimidation, bigotry, hostile work environment, disparate treatment, and deliberate interference and sabatage with job duties and performance reviews by Susan Nay and Andrea Rancator, and other employees of Centene Corporation.

Missouri Human Rights Act, RSMo§213.010,RSMo§213.055(1)(a)(b)

1. At all time relevant to this litigation, Plantiff, Ms. D. Carter was a citizen of Missouri, and a resident of St. Louis County, Missouri

2. At all time relevant to this litigation, Defendant, Centene Corporations, was a Missouri Corporation doing business in St. Louis County, Missouri.

3. Defendant is employer within the meaning of Missouri Human Rights Act, RSMo. §213.010, during the relevant time period Defendant employed seven or more persons

**EXHIBIT A**

4. Venue is proper in this Court because the Defendant (s) place of business is based in St. Louis County, Missouri

5. Ms. D Carter is protected under the Missouri Human Rights Act, RSMo§213.055

6. Ms. D Carter met all conditions precedent and filed a charge within the time frame with Equal Opportunity Employment Commission and Missouri Commission on Human Rights, RSMo 213.010.3

7. Ms. D Carter met all conditions precedent and filed a charge within the time frame with the Missouri Commission on Human Rights and Equal Opportunity Commission and received a right to sue letter.

8. Ms. D. Carter began working under Centene Corporation's Home State Health contract in February 2017 in the Behavioral Health department as a Licensed Clinical Social Worker in the position of Utilization Management.

9. Ms. D. Carter is an African American in a predominantly Caucasian staffed department.

10. Ms. D. Carter was hired in the department of Behavioral Health while it was under corrective action by State of Missouri. During timeframe plaintiff was hired, planfiff was required by Susan Nay to correct errors and incomplete survey of current and former employees and to fulfill job task in which she was hired. Ms. Carter was yelled at by Susan Nay, denied trainings, called discriminatory names, and subjected to bigotry by employees under the management of Susan Nay. This is in violation of Missouri Human Rights Act, RSMo§213.010,RSMo§213.055(1)(a)(b)

11. Susan Nay has subjected Ms. D. Carter to discrimination based on age, race, color, and disability. Susan Nay stated to another employee, Ms. Carter should quit when she observed Ms. Carter parking in a handicap spot on the lot of Centene building where Ms. Carter is stationed. Susan Nay reported to Human Resource representative that Ms. Carter should be terminated within the 1st month of Ms. Carter's employment at Centene. Missouri Human Rights Act,RSMo. §213.055

12. Andrea Rancatore was assigned to supervise/management of Ms. D. Carter and schemed with Susan Nay to berate Ms. Carter and use intimidation and humiliation to discriminate and harass and engender others to follow this pattern of creating a hostile work environment. Dispite Ms. Carter fulfilling job duties since date of hire, Andrea Rancatore removed her from her duties and forced her in training to add negative incidents with employment record with Susan Nay. This is in violation of Missouri Human Rights Act.

**EXHIBIT A**

13. Andrea Rancatore and Susan Nay harassed, intimidated, discriminated, and engendered a hostile work environment as Ms. D. Carter was under the supervision and management of these individuals. Ms. Carter was subjected to racist and bigoted statements, berated in presence of other employees, and subjected to intimidation, emotional abusive behaviors, and humiliation through emails, instant messages, and verbally while being employed at Centene Corporation.

14. Ms. Carter was further retaliated against given write ups, told to inform of whereabouts during breaks when other caucasion staff were not required, and given negative and low ratings on evaluations to impact changing positions or merit raises. This was done by Susan Nay and Andrea Rancatore. RSMo§213.070(2000) and RSMO §213.055.

15. Defendant(s) have failed to protect Ms. D Carter from discrimination after she complained and filed grievances, parties failed to cease and desist all discrimination, harassment, and hostile working environment towards Ms. D. Carter violating Missouri Human Rights Act, RSMo.§213.010(5)(7)

16. Defendants(s) failure to respond demonstrates actual and legal malice and shows a complete disregard for the Plaintiff protected rights under the law. Defendant(s) failure to respond appropriately and allow discrimination, harassment, and hostile work environment toward Plaintiff is violation of the Missouri Human Rights Act, RSMo. §213.010 and RSMo. §213.055 and Title VII of the Civil Rights Act of 1964, 42 U.S.C §§, 2000e et seq. also shows Defendant(s) complete disregard for the laws of the State of Missouri and Federal Laws.

17. Ms. D. Carter suffered damages physical and emotional distress from treatment received by employees Andrea Rancatore, Susan Nay, and Centene Corporation and seeks compensatory, actual, nominal, and punitive damages, Civil Rights Act of 1964, 42 U.S.C §§, 2000e et seq., MO. Rev. Stat. §213.010 et. Seq.Meyer v. Midland Printing Co., 2003 U.S. Dist., and RSMo§ 213.11 Defandant's comp

WHEREFORE, Plaintiff respectfully request that this Court:

1. Award the plaintiff actual, compensatory, punitive, and nominal damages in the amount of $90,000, in addition but not limited to the court cost, cost, and expenses incurred in the prosecution of this action and including prejudgment interest and reasonable attorney's fees, and

**EXHIBIT A**

2. Order Plaintiff provide outside agency to conduct training on the prevention of harassment, discrimination, work place bullying, retaliation, hostile work environment, bigotry, abuse of authority, and provide stringent policies and procedures for disciplinary actions for discrimination and sexual and nonsexual harassment with regards to race, disabilities, color, and age.

3. Order whatever other legal or equitable relief the court deems appropriate

Respectfully Submitted,

Darnetta D. Carter-Pro Se

By: _____ MSN, LCSW

P.O. Box 5981

St. Louis, MO 63134

**EXHIBIT A**