# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DE D. CARTER, <br> a/k/a DARNETTA CARTER, <br><br> Plaintiff, <br><br> v. <br><br> CENTENE CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:18CV1606 RLW <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Plaintiff De D. Carter's motions to remand. (ECF Nos. 9, 11, 14) Plaintiff originally filed her employment discrimination lawsuit in the Circuit Court of St. Louis County, Missouri under the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 *et seq.* ("MHRA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). (Pet., ECF No. 4) Defendant Centene Corporation removed the Petition on the basis of federal question jurisdiction. (Notice of Removal ¶¶ 5-6, 10, ECF No. 1) Plaintiff filed two motions to remand to state court. In each motion she expressed a willingness to withdraw or dismiss her federal claims. (ECF Nos. 9, 11) However, Defendant responded that the motions were unclear as to whether Plaintiff sought to dismiss her federal claims or was merely asking that the case be remanded. Defendant thus requested that Plaintiff clarify whether she was dismissing the federal question Title VII claims. (ECF No. 12)

On January 28, 2019, the Court ordered Plaintiff to file a memorandum "indicating whether she intends to file a motion to dismiss the federal claims or to go forward with her employment discrimination suit in federal court." (ECF No. 13) In response, Plaintiff stated that she is requesting to withdraw/dismiss her federal claims without prejudice and seeks to remand

the case to state court. (ECF No. 14) The Court construes this response as a motion to dismiss her federal claims under Title VII without prejudice and a motion to remand her claims under the MHRA to the state court for all further proceedings.

Upon review of the pleadings in this matter and in consideration of Plaintiff's *pro se* status, the Court will dismiss Plaintiff's federal claims under Title VII without prejudice. Thus, the only remaining claims are Plaintiff's state law claims under the MHRA. The Court notes that it has supplemental jurisdiction over Plaintiff's MHRA claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the Title VII claim. (Notice of Removal ¶ 8, ECF No. 1) Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction. As such, the Court will decline to exercise supplemental jurisdiction and will remand the case to the state court. *See Hoechstenback v. Accu-Pay APS, LLC*, No. 4:15 CV 457 RWS, 2015 WL 3609088, at *2 (E.D. Mo. Apr. 15, 2015).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's federal claims under Title VII are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's *pro se* Motions to Remand (ECF Nos. 9, 11, 14) are **GRANTED** and this case is remanded to the Twenty-First Judicial Circuit Court, St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order and the Order of Remand to Plaintiff's last known address: P.O. Box 5981, St. Louis, MO 63134.

Dated this 11th day of February, 2019.

*[Signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**